(C.D. 3592)

HERMAN H. STICHT CO., INC. *v.* UNITED STATES

United States Customs Court, Second Division

(Decided October 21, 1968)

*Barnes, Richardson & Colburn* for the plaintiff.
*Edwin L. Weisl, Jr.,* Assistant Attorney General, for the defendant.

Before RAO and FORD, Judges

RAO, Chief Judge: Counsel for the respective parties have submitted these cases for decision on a stipulation reading as follows:

IT IS HEREBY STIPULATED AND AGREED by and between counsel for the plaintiff and the Assistant Attorney General for the United States, subject to the approval of the Court, as follows:

1. That the merchandise marked "A" and initialed AC (Import Specialist's Initials) by Import Specialist Abraham Cohen (Import Specialist's Name) on the invoices covered by the protests enumerated on Schedule "A" attached hereto and made a part hereof, and assessed with duty at the rate of $2.25 each plus 35% ad valorem under item 711.94 or item 715.53, TSUS, consist of the Speed Indicator Jaquet Cat. Nos. 252 and 253, which are tachometers.

2. That the said protests were filed under Sec. 514 of the Tariff Act of 1930, within 60 days after the liquidation of the entries, and that the protests were pending for decision by this Court on June 29, 1967, the effective date of Public Law 90-36, approved June 29, 1967, which amended and extended Public Law 89-241, approved October 7, 1965.

3. That said merchandise was entered or withdrawn from warehouse after August 31, 1963 and before December 7, 1965.

4. That before September 30, 1967, requests were filed with the Regional Commissioner of Customs at the port of entry for reliquidation of the entries and assessment of duty at the rate of 10% ad valorem under Item 711.98, by virtue of Section 36(k) of said Public Law 89-241.

IT IS FURTHER STIPULATED AND AGREED that the protests enumerated on Schedule "A" attached hereto and made a part hereof be submitted on this stipulation, said protests being limited to the merchandise marked "A" as aforesaid.

Accepting this stipulation as an agreed statement of fact, we find that plaintiff has complied with both section 514 of the Tariff Act of 1930 and section 2(b) of the Tariff Schedules Technical Amendments Act of 1965, Public Law 89-241, 100 Treas. Dec. 661, T.D. 56511, as amended by Public Law 90-36, T.D. 67-176, and that the merchandise represented by the items marked with the letter "A" and with the initials of the import specialist on the invoices accompanying the entries covered by the protests enumerated on schedule "A," attached hereto and made a part hereof, is properly dutiable at 10 per centum ad valorem under item 711.98 of the Tariff Schedules of the United States, as amended by section 36(k) of said Tariff Schedules Technical Amendments Act, as tachometers.

The protests are sustained and judgment will be entered for the plaintiff.